O8 CR 94

08CR 0094

PROB 22
Rev 2/88

## TRANSFER OF JURISDICTION

MAGISTRATE JUDGE MASON

JUDGE MORAN

| | |
|---|---|
| DOCKET NUMBER (Tran. Court) | 03 CR 00033 001 |
| DOCKET NUMBER (Rec. Court) | |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Carlos Garcia-Benitez | Western District of New York | Buffalo |

| | |
|---|---|
| NAME OF SENTENCING JUDGE | Richard J. Arcara, Chief U.S. District Judge |

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM 09/10/07 | TO 09/09/12 |
|---|---|---|

RECEIVED JAN 22 2008
CLERK, U.S. DISTRICT COURT
PROBATION OFFICE

OFFENSE

Conspiracy to Possess with Intent to Distribute and to Distribute 5 Kilograms or More of Cocaine and 1 Kilogram or More of Heroin in violation of T21:841(a)(1), §841(b)(1)(A), and §851, all in violation of T21:846.

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE ___Western___ DISTRICT OF ___New York___

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ___Northern District of Illinois___ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.* Collection of restitution will be maintained by the sentencing district if the case is Joint and Several with other defendants.

Jan. 15, 2008
DATE

Richard J. Arcara
UNITED STATES DISTRICT JUDGE

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE ___Northern___ DISTRICT OF ___Illinois___

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

JAN 3 0 2008
EFFECTIVE DATE

James F. Holderman
UNITED STATES DISTRICT JUDGE

FILED
2-26-08
FEB 2 6 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FEB 0 8 2008

2/20/08
Denise Colli
Deputy Clerk

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Buffalo)
## CRIMINAL DOCKET FOR CASE #: 1:03-cr-00033-RJA-HBS-1
### Internal Use Only

Case title: USA v. Benitez-Garcia, et al

Date Filed: 02/12/2003
Date Terminated: 08/30/2007

Assigned to: Hon. Richard J. Arcara
Referred to: Hon. Hugh B. Scott

**Defendant**

**Carlos Garcia-Benitez** (1)
*TERMINATED: 08/30/2007*
*also known as*
Joel Gonzalez
*TERMINATED: 08/30/2007*
*also known as*
Yani
*TERMINATED: 08/30/2007*

represented by **Paul G. Dell**
Law Office of Paul G. Dell
70 Niagara Street
Buffalo, NY 14202
716-362-1156
Fax: 716-984-8095
Email: pgdell@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Joel L. Violanti**
(See above for address)

**Pending Counts**

CONSPIRACY TO DISTRIBUTE
CONTROLLED SUBSTANCE
(1ss)

**Disposition**

Court sentenced Defendant to the
Custody of the Bureau of Prisons for a
term of 63 months; 5 years Supervised
Release with standard and special
conditions; fine waived; Defendant shall
pay $100.00 mandatory assessment.
Defendant remanded.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

21:841A=CD.F CONTROLLED
SUBSTANCE - SELL, DISTRIBUTE,
OR DISPENSE

**Disposition**

dismissed

ATTEST: A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK
By *Denise Colli*
Deputy Clerk

(1)

| | |
|---|---|
| 21:846=CD.F CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE (1s) | dismissed |
| 21:841A=CD.F CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE (2) | dismissed |
| 21:841C=CD.F CONTROLLED SUBSTANCE-SELL, DISTRIBUTE, OR DISPENSE (2s) | dismissed |
| CONTROLLED SUBSTANCE - POSSESSION (2ss) | dismissed |
| 21:841B=CD.F CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE (3s) | dismissed |

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                 **Disposition**

None

---

**Plaintiff**

USA                            represented by **Joel L. Violanti**
U.S. Attorney's Office
Federal Centre
138 Delaware Avenue
Buffalo, NY 14202
716-843-5854
Fax: 716-551-3052
Email: joel.l.violanti@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph J. Karaszewski**
U.S. Attorney's Office
Federal Centre

138 Delaware Avenue
Buffalo, NY 14202
716-843-5837
Fax: 716-551-5563
Email: joseph.j.karaszewski@usdoj.gov
*TERMINATED: 10/23/2006*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/12/2003 | 1 | SEALED INDICTMENT as to Carlos Benitez-Garcia (1) count(s) 1, 2, Jose Borea (2) count(s) 1, 2, 3, Joel Navarro (3) count(s) 1, Jose Castro (4) count(s) 1, Jose Santiago (5) count(s) 1, Ismael Colon (6) count(s) 1, Oscar Romero (7) count(s) 1, 2, Edwin Cruz (8) count(s) 1, Manuel Garcia (9) count(s) 1, Arlene Burgos (10) count(s) 1, Aramis Ramirez (11) count(s) 1, Jose Santiago (12) count(s) 1, Jose Rodriguez (13) count(s) 1, Aneudi Gomez (14) count(s) 1, 3, Jose R. Masso-DeJesus (15) count(s) 1, 3, Pedro DeJesus (16) count(s) 1, Omar Lao (17) count(s) 1, Daniel Rivera (18) count(s) 1, Lisbelia Cruz (19) count(s) 1 (DMS) (Entered: 02/13/2003) |
| 02/12/2003 | | (Court only) **Added Government Attorney Joseph James Karaszewski as to Carlos Benitez-Garcia, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Jose Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz (DMS) (Entered: 02/21/2003) |
| 02/13/2003 | | Indictment unsealed as to Carlos Benitez-Garcia, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Jose Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz (DMS) (Entered: 02/13/2003) |
| 02/19/2003 | 2 | ORDER REFERRING CASE to USMJ Hugh B. Scott as to Carlos Benitez-Garcia, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Jose Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, and Lizbelia Cruz for all pre-trial matters and thereafter filing a report and recommendation for disposition ( Signed by Chief USDJ Richard J. Arcara ) Notice and copy to all counsel of record (DMS) (Entered: 02/19/2003) |
| 02/19/2003 | | CASE REFERRED to USMJ Hugh B. Scott (DMS) (Entered: 02/19/2003) |
| 02/21/2003 | 35 | Rule 40 Documents as to Carlos Benitez-Garcia received from U.S. District Court-District of Maryland (DMS) (Entered: 02/21/2003) |
| 02/21/2003 | | ARREST of Carlos Benitez-Garcia in Maryland (DMS) (Entered: 02/21/2003) |

| 03/03/2003 | 67 | Arrest WARRANT Returned Executed as to Carlos Benitez-Garcia on 2/12/03 (DMS) (Entered: 03/04/2003) |
|---|---|---|
| 03/17/2003 | 100 | Arraignment as to Carlos Benitez-Garcia held; defendant informed of charges and potential penalties. Defendant advised of rights. Court enters not guilty plea on behalf of defendant. Defendant provisionally qualifies for court appointed counsel. Appearance of counsel set for 03/19/03 at 02:30 p.m. - cour grants Government's motion for temporary detention - HBS (DMS) (Entered: 03/26/2003) |
| 03/19/2003 | 101 | Appearance of Counsel for Carlos Benitez-Garcia by Paul G. Dell who accepts CJA assignment. Case continued to 03/25/03 at 09:00 a.m. for detention hearing - defendant remanded - HBS (DMS) (Entered: 03/26/2003) |
| 03/19/2003 | | (Court only) **Location LC as to Carlos Benitez-Garcia (DMS) (Entered: 03/26/2003) |
| 03/25/2003 | 116 | Detention hearing as to Carlos Benitez-Garcia scheduled but not held; defense counsel requests brief adjournment. Hearing reset to 04/08/03 at 04:30 p.m. - time excluded - defendant remanded - HBS (DMS) (Entered: 04/01/2003) |
| 03/25/2003 | | Detention hearing as to Carlos Benitez-Garcia set for 4:30 4/8/03 HBS (DMS) (Entered: 04/01/2003) |
| 03/25/2003 | | Deadline updated as to Carlos Benitez-Garcia, to exclude time Excludable type XH Started on 03/25/03 Stopped on 04/08/03 (DMS) (Entered: 04/01/2003) |
| 03/25/2003 | | (Court only) **Location LC as to Carlos Benitez-Garcia (DMS) (Entered: 04/01/2003) |
| 04/08/2003 | 117 | CJA 20 as to Carlos Benitez-Garcia : Appointment of Attorney Paul Dell Voucher # 030326000142 ( Signed by USMJ Hugh B. Scott ) (JMD) (Entered: 04/11/2003) |
| 04/08/2003 | 121 | Detention hearing as to Carlos Benitez-Garcia continued; defendant will not contest government's motion for detention at this time. Detention order will issue. Defendant remanded. Status conference set for 04/21/03 at 02:00 p.m. Time excluded in the interests of justice which outweigh the interests of the public and the defendant in a speedy trial - HBS (DMS) (Entered: 04/16/2003) |
| 04/08/2003 | | Status conference as to Carlos Benitez-Garcia set at 2:00 4/21/03 HBS (DMS) (Entered: 04/16/2003) |
| 04/08/2003 | | Deadline updated as to Carlos Benitez-Garcia, to Continue in Interests of Justice Time Excluded from 04/08/03 to 04/21/03 (DMS) (Entered: 04/16/2003) |
| 04/29/2003 | 124 | Status conference as to Carlos Benitez-Garcia, et al., held. Government shall provide voluntary discovery. Case continued to 8/12/3 at 10:00am. Time |

| | | |
|---|---|---|
| | | excluded. HBS (JMD) (Entered: 05/09/2003) |
| 04/29/2003 | | Deadline updated as to Carlos Benitez-Garcia, et al., to Continue in Interests of Justice Time Excluded from 4/29/3 to 8/12/3 , set Status Conference for 10:00am on 8/12/03 . (JMD) (Entered: 05/09/2003) |
| 04/29/2003 | 126 | SUPERSEDING INDICTMENT as to Carlos Benitez-Garcia (1) count(s) 1s, 2s, 3s, Jose Borea (2) count(s) 1s, 2s, Joel Navarro (3) count(s) 1s, Jose Castro (4) count(s) 1s, Jose Santiago (5) count(s) 1s, Ismael Colon (6) count(s) 1s, 4s, Oscar Romero (7) count(s) 1s, 2s, Edwin Cruz (8) count(s) 1s, Manuel Garcia (9) count(s) 1s, Arlene Burgos (10) count(s) 1s, Aramis Ramirez (11) count(s) 1s, Jose Santiago (12) count(s) 1s, Jose Rodriguez (13) count(s) 1s, Aneudi Gomez (14) count(s) 1s, 3s, Jose R. Masso-DeJesus (15) count(s) 1s, 3s, Pedro DeJesus (16) count(s) 1s, Omar Lao (17) count(s) 1s, Daniel Rivera (18) count(s) 1s, 5s, Lizbelia Cruz (19) count(s) 1s, Jose A. Torres-Burgos (20) count(s) 1, Lazaro Burges-Reyes (21) count(s) 1, Angel M. Cruz (22) count(s) 1 , Jose A. Torres-Burgos (20) count(s) 1s, Lazaro Burges-Reyes (21) count(s) 1s, Angel M. Cruz (22) count(s) 1s (JMD) (Entered: 05/27/2003) |
| 05/13/2003 | 125 | CJA 20 Authorization to pay Glenn Edward Murray for defendant Edwin Cruz , Amount: $ 477.00 Voucher # 030318000166 (Signed by USMJ Hugh B. Scott) (DLC) (Entered: 05/15/2003) |
| 06/26/2003 | 132 | ORDER OF DETENTION Pending Trial as to Carlos Benitez-Garcia ( Signed by USMJ Hugh B. Scott ) Notice and copy to Paul G. Dell, Joseph James Karaszewski US Marshal US Probation (JMD) (Entered: 06/27/2003) |
| 07/14/2003 | | Mail returned from Atty Angeola Musitano enclosing Item No. 131 advising he does not represent Defendant Order refers to. (CMD) (Entered: 07/17/2003) |
| 07/17/2003 | | Copy of Item No. 131 sent to Attorney Nelson Torre re: Defendant Jose Santiago "Tiso" (CMD) (Entered: 07/17/2003) |
| 08/12/2003 | 149 | Status conference as to Carlos Benitez-Garcia, et al., discovery ongoing. All counsel agree to further adjournment. Case continued to 11/17/3 at 10:00am for further status conference. Time excluded. HBS (JMD) (Entered: 08/26/2003) |
| 08/12/2003 | | Deadline updated as to Carlos Benitez-Garcia, et al., to Continue in Interests of Justice Time Excluded from 8/12/3 to 11/17/3 , set Status Conference for 10:00am on 11/17/03 (JMD) (Entered: 08/26/2003) |
| 08/18/2003 | 146 | ORDER as to Carlos Benitez-Garcia, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Jose Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz, set Scheduling Conference for 10:00 am on 11/17/03. , to Continue in Interests of Justice Time Excluded from 8/12/3 to 11/17/3 ( Signed by USMJ Hugh B. Scott ) Notice and copy of order sent to Robert Convissar, J. Glenn |

| | | |
|---|---|---|
| | | Davis, E. Carey Cantwell, Nicholas W. Hicks, Paul Cambria, Fonda Dawn Kubiak, Timothy W. Hoover, Noemi Fernandez, Nelson Salvatore Torre, Michael G. O'Rourke, Alan S. Hoffman, Thomas Eoannou, Glenn Edward Murray, Alan D. Goldstein, Michael J. Stachowski, Angelo Musitano, Anthony J. Lana, Herbert L. Greenman, Terry Granger, John V. Elmore, Paul G. Dell, Joseph James Karaszewski (JMD) (Entered: 08/20/2003) |
| 10/14/2003 | ●168 | ORDER granting permission to travel from 10/10/03 to 10/12/03 as to Carlos Benitez-Garcia. Signed by Judge Hugh B. Scott on 10/14/03. (CMD) (Entered: 10/15/2003) |
| 11/17/2003 | ●189 | Minute Entry for proceedings held before Judge Hugh B. Scott :Status Conference as to Carlos Benitez-Garcia, et al., Case continued to 1/16/04 at 10:00am for scheduling conference, time excluded (JMD, ) (Entered: 12/10/2003) |
| 11/17/2003 | | (Court only) Set/Reset Hearings as to Carlos Benitez-Garcia, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Jose Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz :, ***Excludable started as to Carlos Benitez-Garcia, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Jose Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz :, ***Excludable(s) stopped as to Carlos Benitez-Garcia, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Jose Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz Scheduling Conference set for 1/16/2004 10:00 AM before Hon. Hugh B. Scott. (JMD, ) (Entered: 12/10/2003) |
| 01/16/2004 | ●206 | Minute Entry for proceedings held before Judge Hugh B. Scott :Scheduling Conference as to Carlos Benitez-Garcia, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Jose Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz held on 1/16/2004 Discovery due by 5/14/2004. Defense to file motions by 6/30/04; Government to respond by 8/5/04. Oral argument set for 8/16/04 at 10:00 am. Time excluded. APPEARANCES: J. Karaszewski, AUSA; F. Kubiak, G. Murray, N. Torre, T. Hoover, H. Greenman, R. Convissar, A. Hoffman, D. Rodriguez, M. Stachwoski, N.Hicks, P. Dell (G. Murray and H. Greenman, of counsel to absentee counsel) (LMK, ) (Entered: 01/20/2004) |

| | | |
|---|---|---|
| 01/16/2004 | | (Court only) ***Excludable started as to Carlos Benitez-Garcia, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Jose Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz : (LMK, ) (Entered: 01/20/2004) |
| 01/16/2004 | 🜨 | Set/Reset Deadlines/Hearings as to Carlos Benitez-Garcia, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Jose Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz : Discovery due by 5/14/2004. Defense Motions due by 6/30/2004. Government's Responses due by 8/5/2004. Oral Argument set for 8/16/04 at 10:00 a.m. with Judge Hugh B. Scott. (CMD) (Entered: 01/21/2004) |
| 01/21/2004 | 🜨208 | SCHEDULING ORDER as to Carlos Benitez-Garcia, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Jose Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz: Discovery due by 5/14/2004. Motions due by 6/30/2004. Responses due by 8/5/2004. Oral Argument set for 8/16/2004 10:00 AM before Hon. Hugh B. Scott. Time excluded. Signed by Judge Hugh B. Scott on 1/21/04. (CMD) (Entered: 01/23/2004) |
| 01/21/2004 | | (Court only) ***Excludable started as to Carlos Benitez-Garcia, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Jose Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz : (CMD) (Entered: 01/23/2004) |
| 05/06/2004 | 🜨226 | Document unsealed and filed as document 233 pursuant to Minutes dated 6/2/04 (JMD, ) Modified on 6/15/2004 (JMD, ). (Entered: 05/12/2004) |
| 05/06/2004 | 🜨233 | SECOND SUPERSEDING INDICTMENT as to Carlos Benitez-Garcia (1) count(s) 1ss, 2ss, Jose Borea (2) count(s) 1ss, 2ss, 3ss, Joel Navarro (3) count(s) 1ss, Jose Castro (4) count(s) 1ss, Jose Santiago (5) count(s) 1ss, Ismael Colon (6) count(s) 1ss, 4ss, Oscar Romero (7) count(s) 1ss, 2ss, Edwin Cruz (8) count(s) 1ss, Manuel Garcia (9) count(s) 1ss, Arlene Burgos (10) count(s) 1ss, Aramis Ramirez (11) count(s) 1ss, Jose Santiago (12) count(s) 1ss, Ezequiel Rodriguez (13) count(s) 1ss, Aneudi Gomez (14) count(s) 1ss, 3ss, Jose R. Masso-DeJesus (15) count(s) 1ss, 3ss, Pedro DeJesus (16) count(s) 1ss, Omar Lao (17) count(s) 1ss, Daniel Rivera (18) count(s) 1ss, 5ss, 6ss, Lizbelia Cruz (19) count(s) 1ss, Jose A. Torres-Burgos (20) count(s) 1ss, Lazaro Burges-Reyes (21) count(s) 1ss, Angel M. Cruz (22) count(s) 1ss, Juan Elvin Casillas (23) count(s) 1, Ricardo Rodriguez (24) count(s) 1, Randolph Chi (25) count(s) 1, Luis Pena (26) count(s) 1, |

| | | |
|---|---|---|
| | | Miguel A. Pena Jr. (27) count(s) 1. (JMD, ) (Entered: 06/15/2004) |
| 06/03/2004 | 231 | INFORMATION TO ESTABLISH PRIOR CONVICTION as to Carlos Benitez-Garcia (Karaszewski, Joseph) (Entered: 06/03/2004) |
| 06/07/2004 | 236 | Minute Entry for proceedings held before Judge Hugh B. Scott :Arraignment on superseding indictment as to Carlos Benitez-Garcia (1) Count 1ss,2ss held on 6/7/2004. Defendant advised of charges potential penalties and rights. Not guilty plea entered. Paul Dell, Esq. remains as assigned counsel. Schedule currently in place. (JMD, ) (Entered: 06/15/2004) |
| 06/07/2004 | 252 | Minute Entry for proceedings held before Judge Richard J. Arcara as to Deft Carlos Garcia-Benitez held on 6/7/2004. Plea proceedings originally scheduled for today, however, Deft requires additional time to consider the plea offer. The Govt informs the Court that Deft needs to be arraigned on the Second Superseding Indictment. The District Court directs the Govt to have Deft arraigned before the Magistrate Judge. All other discovery proceedings to be handled by the Magistrate Judge. (Court Reporter Darlene Jerge.) (DJD, ) (Entered: 07/21/2004) |
| 06/24/2004 | 247 | Sealed Document as to Carlos Benitez-Garcia, et al.,(JMD, ) (Entered: 06/24/2004) |
| 07/12/2004 | | (Court only) ***Staff Notes as to Carlos Garcia-Benitez: Corrected spelling of last name for Carlos Benitez-Garcia to Carlos Garcia-Benitez pursuant to Kea from the US Attorney's Office. (DLC) (Entered: 07/12/2004) |
| 09/07/2004 | 264 | Minute Entry for proceedings held before Judge Hugh B. Scott :Status Conference as to Joel Navarro, Jose Castro, Jose Santiago, Angel M. Cruz, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Randolph Chi, Luis Pena, Jose Santiago, Ezequiel Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Carlos Garcia-Benitez, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Miguel A. Pena Jr. held on 9/7/2004. Parties engaged in voluntary discovery. Time excluded. Nelson Torre, Esq. & Noemi Fernandez, Esq. have filed motions. Government will respond to all filed motions at one time. Status Conference set for 11/22/2004 10:00 AM before Hon. Hugh B. Scott. (LMK, ) (Entered: 09/14/2004) |
| 09/07/2004 | | (Court only) ***Excludable started as to Joel Navarro, Jose Castro, Jose Santiago, Angel M. Cruz, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Randolph Chi, Luis Pena, Jose Santiago, Ezequiel Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Carlos Garcia-Benitez, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Miguel A. Pena Jr.: (LMK, ) (Entered: 09/14/2004) |
| 11/22/2004 | | Minute Entry for proceedings held before Judge Hugh B. Scott :Scheduling Conference as to Juan Elvin Casillas, Ricardo Rodriguez, Randolph Chi, Luis Pena, Miguel A. Pena, Jr, Carlos Garcia-Benitez, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel |

| | | |
|---|---|---|
| | | Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Ezequiel Rodriguez, Aneudi Gomez, Pedro DeJesus, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz held on 11/22/2004 Discovery due by 12/10/2004. Defense motions due 3/18/05; Government response due 4/18/05; any replies to response due 4/27/05. Oral argument set for 5/4/05 at 10:00 am. Time excluded. (LMK, ) (Entered: 03/01/2005) |
| 04/26/2005 | ● | E-Filing Correction: [294] MOTION to be refiled to properly specify reliefs requested (JDK, ) (Entered: 04/27/2005) |
| 04/28/2005 | ●296 | MOTION for Extension of Time to File Response/Reply by USA as to Juan Elvin Casillas, Ricardo Rodriguez, Randolph Chi, Luis Pena, Miguel A. Pena, Jr, Carlos Garcia-Benitez, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Ezequiel Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz. (Karaszewski, Joseph) (Entered: 04/28/2005) |
| 05/02/2005 | ● | NOTICE for Juan Elvin Casillas, Ricardo Rodriguez, Randolph Chi, Luis Pena, Miguel A. Pena, Jr, Carlos Garcia-Benitez, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Ezequiel Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz >>>>>>> THAT THE ORAL ARGUMENT PRESENTLY SCHEDULED FOR MAY 4, 2005 AT 10:00 AM IS ADJOURNED. A WRITTEN ORDER WILL FOLLOW GRANTING THE GOVERNMENT'S REQUEST FOR SUCH ADJOURNMENT AND RESETTING THE NEW ORAL ARGUMENT DATE. (LMK, ) (Entered: 05/02/2005) |
| 05/09/2005 | ●298 | MOTION for Joinder by Luis Pena as to Juan Elvin Casillas, Ricardo Rodriguez, Randolph Chi, Luis Pena, Miguel A. Pena, Jr, Carlos Garcia-Benitez, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Ezequiel Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz. (Blotnik, Michael) (Entered: 05/09/2005) |
| 05/12/2005 | ● | Set/Reset Deadlines re Motion or Report and Recommendation in case as to Juan Elvin Casillas, et al., Responses due by 5/20/2005 Motion Hearing set for 5/27/2005 02:00 PM before Hon. Hugh B. Scott. (JDK, ) (Entered: 05/13/2005) |
| 05/13/2005 | ●300 | ORDER granting 296 Motion for Extension of Time to File Response/Reply as to Carlos Garcia-Benitez et al., governments response due 5/20/05, oral argument set for 5/27/05 at 2:00pm. Signed by Judge Hugh B. Scott on 5/11/05. (JDK, ) (Entered: 05/13/2005) |

| | | |
|---|---|---|
| 06/06/2005 | ●304 | MEMORANDUM IN OPPOSITION *(Govt's Supplemental Response to Omnibus Motions)* by USA as to Juan Elvin Casillas, Ricardo Rodriguez, Randolph Chi, Luis Pena, Miguel A. Pena, Jr, Carlos Garcia-Benitez, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Ezequiel Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz (Karaszewski, Joseph) (Entered: 06/06/2005) |
| 07/25/2005 | ●308 | **ORDER OF MAGISTRATE JUDGE HUGH B. SCOTT**<br><br>**TEXT OF THE ORDER**<br><br>Decision & Order with respect to the discovery issues contained in motions Nos. 244, 249, 286, 287, 290, 294, 295, 297, 298, 299 and 302.<br><br>So Ordered. Signed by Judge Hugh B. Scott on 7/25/05.(JRA) (Entered: 07/25/2005) |
| 07/25/2005 | ●309 | **REPORT & RECOMMENDATIONS OF MAGISTRATE JUDGE HUGH B. SCOTT**<br><br>**Report & Recommendations with respect to suppression issues raised in motions Nos. 244, 249, 286, 287, 290, 294, 295, 297, 298, 299 and 302. Signed by Judge Hugh B. Scott on 7/25/05.(JRA) (Entered: 07/25/2005)** |
| 08/22/2005 | ● | NOTICE OF STATUS CONFERENCE to be held before Magistrate Judge Hugh B. Scott on August 25, 2005 at 2:00 pm as to all defendants. (LMK, ) (Entered: 08/22/2005) |
| 08/25/2005 | ● | Minute Entry for proceedings held before Judge Hugh B. Scott :Status Conference as to Juan Elvin Casillas, Ricardo Rodriguez, Randolph Chi, Luis Pena, Miguel A. Pena, Jr, Carlos Garcia-Benitez, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Ezequiel Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz held on 8/25/2005. JUDGE ARCARA issued a Decision & Order adopting this Court's Report & Recommendation, and further referred the matter back to this Court for suppression hearing relative to defts #3,5 and 18. Motions to be filed by 9/1/05; Government to file response by 9/16/05; any reply to response shall be filed by 9/22/05 and oral argument will be heard on 9/23/05 at 2:30 pm. Time excluded. FURTHER, Robert Goldstein, Esq. has filed a motion for a bail status. Govt to respond to this motion by 9/26/05; hearing set for 9/26/05 at 2:30 pm. APPEAR J. Karazewski, AUSA; A. Hoffman, R. Convissar, D. Jay, R. Goldstein, N. Fernandez, M. Blotnik, (& for M. O'Rourke) (LMK, ) (Entered: 08/26/2005) |

| | | |
|---|---|---|
| 03/03/2006 | ●<u>362</u> | MOTION to Set Trial Date by USA as to Juan Elvin Casillas, Ricardo Rodriguez, Randolph Chi, Luis Pena, Miguel A. Pena, Jr, Carlos Garcia-Benitez, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Aneudi Gomez, Jose R. Masso-DeJesus, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz. (Karaszewski, Joseph) (Entered: 03/03/2006) |
| 03/06/2006 | ● | NOTICE OF MEETING TO SET TRIAL DATE as to Defts Juan Elvin Casillas, Ricardo Rodriguez, Randolph Chi, Luis Pena, Miguel A. Pena, Jr, Carlos Garcia-Benitez, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Aneudi Gomez, Jose R. Masso-DeJesus, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz. A Meeting to Set a Trial Date is scheduled for 3/8/2006 09:00 AM before Hon. Richard J. Arcara. (DJD, ) (Entered: 03/06/2006) |
| 03/08/2006 | ● | Minute Entry for proceedings held on 3/8/2006 before Judge Richard J. Arcara as to Defts Carlos Garcia-Benitez, Jose Castro, Jose Francisco Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Luis Santiago, Aneudi Gomez, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burgos-Reyes, Angel M. Cruz, Juan Elvin Casillas, Ricardo Rodriguez, Randolph Chi, Luis Pena and Miguel A. Pena, Jr. Meeting to Set Trial Date is held. Jury Selection scheduled for 10/11/2006 at 09:30 AM. (Trial proof to commence on 10/12/2006). Final Pretrial Conference scheduled for 10/5/2006 at 02:00 PM. Time is excluded; Govt to submit Speedy Trial Order. The Court directs all Defts to file an affidavit by 3/31/2006 as to the speedy trial waiver. Plea dates have been scheduled for the following Defts: Arlene Burgos for 5/5/2006 at 09:00 AM; Ricardo Rodriguez for 5/22/2006 at 09:00 AM; Daniel Rivera for 5/23/2006 at 03:00 PM. Deft Jose Luis Santiago has filed a motion for new counsel; the return date on the motion is scheduled for 3/15/2006 at 09:00AM. The Court schedules a status conference for 3/15/2006 at 09:00 AM for Defts Oscar Romero, Aramis Ramirez, Aneudi Gomez, Lizbelia Cruz and Miguel A. Pena, Jr. whose attorneys were not present at today's proceedings. Appearances: Govt - Joseph Karaszewski; Defts - Paul Dell (for Carlos Garcia-Benitez), No appearance (for Jose Castro), Angelo Musitano (for Jose Francisco Santiago), Michael Stachowski (for Ismael Colon), No appearance (for Oscar Romero), Glenn Edward Murray (for Edwin Cruz), Jeremy Schwartz appearing for Thomas Eoannou (for Manuel Garcia), Alan Hoffman (for Arlene Burgos), No appearance (for Aramis Ramirez), Robert Goldstein (for Jose Luis Santiago), No appearance (for Aneudi Gomez), Michael Stuermer appearing for Paul Cambria (for Daniel Rivera), No appearance (for Lizbelia Cruz), Andrew LoTempio (for Jose A. Torres-Burgos), J. Glenn Davis (for Lazaro Burgos-Reyes), Robert Convissar (for Angel M. Cruz), David Cotter (for Juan Elvin Casillas),Patrick Brown (for Ricardo Rodriguez), David Jay (for Randolph Chi), Michael Blotnik (for Luis Pena) and Patrick Brown appearing for Sunil Bakshi (for Miguel A. Pena, Jr.); Interpreter present (not |

|  |  |  |
|---|---|---|
|  |  | sworn) - Coralia Hetzner (Spanish).(Court Reporter Yvonne Garrison.) (DJD, ) (Entered: 04/11/2006) |
| 03/15/2006 | ❍366 | ORDER TO CONTINUE - Ends of Justice as to Juan Elvin Casillas, Ricardo Rodriguez, Randolph Chi, Luis Pena, Miguel A. Pena, Jr, Carlos Garcia-Benitez, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Ezequiel Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz Time excluded from 3/9/2006 until 10/11/2006. . Signed by Judge Richard J. Arcara on 3/14/2006. (Baker, J.) (Entered: 03/15/2006) |
| 03/15/2006 | ❍ | Copy of Order Modifying Conditions of Release as to Jose Santiago e-filed 3/15/06 forwarded to USPO (JDK, ) (Entered: 03/16/2006) |
| 04/27/2006 | ❍383 | AFFIDAVIT by Carlos Garcia-Benitez (Dell, Paul) (Entered: 04/27/2006) |
| 10/16/2006 | ❍433 | PLEA AGREEMENT as to Carlos Garcia-Benitez (JDK, ) (Entered: 10/18/2006) |
| 10/16/2006 | ❍ | Minute Entry for proceedings held 10/16/2006 before Judge Richard J. Arcara as to Deft Carlos Garcia-Benitez (1). Change of Plea is held. Deft pleads guilty to Count 1 of the Second Superseding Indictment (Count 1ss). Sentencing set for 2/14/2007 at 12:30 PM. Deft is remanded to the custody of the U.S. Marshal's Service pending sentencing. The following schedule is established for the submission of sentencing papers: initial presentence report due by 12/29/2006; statement of parties with respect to sentencing factors, objections and motions due by 1/22/2007; responses to objections or motions due by 1/31/2007; final presentence report due by 2/7/2007; sentencing memorandum and/or letters in support of the Deft due by 2/7/2007. Appearances: Govt - Joel Violanti; Deft - Paul Dell; USPO - No appearance. (Court Reporter Yvonne Garrison.) (DJD, ) (Entered: 11/11/2006) |
| 10/20/2006 | ❍440 | NOTICE OF ATTORNEY APPEARANCE Joel L. Violanti appearing for USA. (Violanti, Joel) (Entered: 10/20/2006) |
| 10/23/2006 | ❍ | Attorney update in case as to Juan Elvin Casillas, et al.,. Attorney Joel L. Violanti for USA added. Attorney Joseph J. Karaszewski terminated. (JDK, ) (Entered: 10/23/2006) |
| 01/18/2007 | ❍469 | STATEMENT WITH RESPECT TO SENTENCING FACTORS by Luis Pena as to Juan Elvin Casillas, Ricardo Rodriguez, Randolph Chi, Luis Pena, Miguel A. Pena, Jr, Carlos Garcia-Benitez, Jose Borea, Joel Navarro, Jose Castro, Jose Santiago, Ismael Colon, Oscar Romero, Edwin Cruz, Manuel Garcia, Arlene Burgos, Aramis Ramirez, Jose Santiago, Ezequiel Rodriguez, Aneudi Gomez, Jose R. Masso-DeJesus, Pedro DeJesus, Omar Lao, Daniel Rivera, Lizbelia Cruz, Jose A. Torres-Burgos, Lazaro Burges-Reyes, Angel M. Cruz (Blotnik, Michael) (Entered: 01/18/2007) |

| | | |
|---|---|---|
| 01/22/2007 | ○475 | MOTION to Adjourn Sentencing by USA as to Carlos Garcia-Benitez. (Violanti, Joel) (Entered: 01/22/2007) |
| 01/26/2007 | ○ | E-Filing Notification: [487] STATEMENT WITH RESPECT TO SENTENCING FACTORS by USA (Violanti, Joel) Modified filer on 1/26/2007 (SG, )., [486] STATEMENT WITH RESPECT TO SENTENCING FACTORS by USA (Violanti, Joel) Modified filer on 1/26/2007 (SG, )., [488] STATEMENT WITH RESPECT TO SENTENCING FACTORS by USA (Violanti, Joel) **Modified filer on 1/26/2007** (SG, ). (SG) (Entered: 01/26/2007) |
| 02/14/2007 | ○508 | ORDER granting 475 Motion to Adjourn sentencing as to Carlos Garcia-Benitez (1). Signed by Judge Richard J. Arcara on 2/14/2007. (Baker, J.) (Entered: 02/14/2007) |
| 02/14/2007 | ○ | Set/Reset Deadlines/Hearings as to Carlos Garcia-Benitez: The filing of any motions, including any U.S.S.G. ?5K1.1 motion is to be filed on or before May 16, 2007,letters and/or a sentencing memorandum in support of the defendant are to be filed by May 18, 2007. Motion papers in support of this motion are to be sealed. Sentencing set for 5/25/2007 12:30 PM before Hon. Richard J. Arcara. (Baker, J.) (Entered: 02/14/2007) |
| 02/14/2007 | ○509 | Sealed Document as toCarlos Garcia-Benitez. (JDK, ) (Entered: 02/14/2007) |
| 05/10/2007 | ○572 | MOTION to Adjourn sentencing by USA as to Carlos Garcia-Benitez. (Violanti, Joel) (Entered: 05/10/2007) |
| 05/23/2007 | ○ | TEXT ORDER as to Deft Carlos Garcia-Benitez (1). The government has filed 572 a Motion requesting adjournment of the 5/25/2007 sentencing. ORDERED, that the sentencing is adjourned to 7/23/2007 at 12:30 PM. The schedule for the submission of sentencing papers is amended as follows: statement of parties with respect to sentencing factors, objections and motions (including a motion pursuant to Guidelines Section 5K1.1, and/or a motion for adjournment of the sentencing date) due on or before 6/29/2007; responses to objections or motions due on or before 7/9/2007; final presentence report due on or before 7/16/2007; sentencing memorandum and/or letters in support of the Deft due on or before 7/16/2007. The parties are to adhere to all due dates. Signed by Judge Richard J. Arcara on May 23, 2007.(DJD, ) (Entered: 05/23/2007) |
| 05/23/2007 | ○ | Set/Reset Deadlines/Hearings as to Carlos Garcia-Benitez: Sentencing set for 7/23/2007 12:30 PM before Hon. Richard J. Arcara. (JDK, ) (Entered: 05/24/2007) |
| 05/24/2007 | ○584 | Sealed Document as toCarlos Garcia-Benitez. (JDK, ) (Entered: 05/25/2007) |
| 06/22/2007 | ○596 | STATEMENT WITH RESPECT TO SENTENCING FACTORS by Carlos Garcia-Benitez (Dell, Paul) (Entered: 06/22/2007) |
| 07/06/2007 | ○597 | MOTION for Downward Departure by USA as to Carlos Garcia-Benitez. (Violanti, Joel) (Entered: 07/06/2007) |

| 07/23/2007 | 599 | STATEMENT WITH RESPECT TO SENTENCING FACTORS by USA as to Carlos Garcia-Benitez (Violanti, Joel) (Entered: 07/23/2007) |
|---|---|---|
| 07/23/2007 |  | Minute Entry for proceedings held before Judge Richard J. Arcara :Sentencing held on 7/23/2007 for Carlos Garcia-Benitez (1), Count(s) 1, 1s, 2, 2s, 2ss, 3s, dismissed; The Court accepts the terms and conditions of the plea agreement and the plea of guilty. The Presentence Investigation Report is placed in the record under seal. If an appeal is filed, counsel on appeal will be permitted access to the sealed report, except that counsel on appeal will not be permitted access to the recommendation section. Count(s) 1ss, Court sentenced Defendant to the Custody of the Bureau of Prisons for a term of 63 months; Upon release from imprisonment defendant is be placed on 5 years Supervised Release with standard and special conditions; fine waived; Defendant shall pay $100.00 mandatory assessment. Defendant remanded. Appearances: Govt. - Joel Violanti, Def. - Paul Dell, USPO - David Ball (Court Reporter Janet Curry.)(JBS) (Entered: 07/31/2007) |
| 07/24/2007 | 601 | Sealed Document/Affidavit as to CarlosGarcia-Benitez. (JDK) (Entered: 07/25/2007) |
| 07/25/2007 | 603 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Carlos Garcia-Benitez (JDK) (Entered: 07/25/2007) |
| 07/25/2007 | 604 | Sealed Document/Notice of Motion as toCarlos Garcia-Benitez. (JDK) (Entered: 07/25/2007) |
| 07/25/2007 | 605 | Sealed Document/Sentencing Memorandum as toCarlos Garcia-Benitez. (JDK) (Entered: 07/25/2007) |
| 07/25/2007 | 606 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Carlos Garcia-Benitez (JDK) (Entered: 07/25/2007) |
| 07/25/2007 |  | (Court only) ***Staff Notes as to Carlos Garcia-Benitez:, Documents No. 603 and 606 are identical presentence reports except document No. 603 is missing page No. 2(JDK) (Entered: 07/25/2007) |
| 08/07/2007 | 613 | TRANSCRIPT of Proceedings as to Carlos Garcia-Benitez held on 10/16/06 before Judge Richard J. Arcara. Court Reporter: Yvonne Garrison, 36 pages. (JDK) (Entered: 08/07/2007) |
| 08/30/2007 | 614 | JUDGMENT as to Carlos Garcia-Benitez (1). Additional certified copies forwarded to USPO, USM, US Attorney, Debt Collection, Financial Department.. Signed by Judge Richard J. Arcara on 8/29/07.(JDK) (Entered: 08/30/2007) |
| 09/19/2007 | 617 | TRANSCRIPT of Proceedings as to Carlos Garcia-Benitez held on 7/23/07 before Judge Richard J. Arcara. Court Reporter: Yvonne Garrison, 13 pages. (JDK) (Entered: 09/19/2007) |
| 10/26/2007 | 624 | CJA 20 as to Carlos Garcia-Benitez: Authorization to Pay Paul Dell. Amount: $ 11,170.20, Voucher # 030326000142.. Signed by Judge Richard J. Arcara on 9/18/07.(JDK) (Entered: 10/26/2007) |

| 01/15/2008 | ❍629 | ORDER MODIFYING CONDITIONS OF SUPERVISION as to Carlos Garcia-Benitez. Signed by Judge Richard J. Arcara on 1/14/2008. (DLC) (Entered: 01/15/2008) |
| 02/21/2008 | ❍635 | Probation Jurisdiction Transferred to Northern District of Illinois as to Carlos Garcia-Benitez Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment, plea and docket sheet. (DLC) (Entered: 02/21/2008) |
| 02/21/2008 | ❍ | Remark - Copy of 635 Transfer of Jurisdiction forwarded to USPO. (DLC) (Entered: 02/21/2008) |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

      v.

03-CR-33-A (01)

CARLOS GARCIA-BENITEZ
 a/k/a JOEL GONZALEZ
 a/k/a "Yani,"

          Defendant.



**FILED**

OCT 16 2006

CLERK, US DISTRICT COURT, WDNY

### PLEA AGREEMENT

    The defendant, CARLOS GARCIA-BENITEZ, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

    1.   The defendant agrees to plead guilty to Count 1 of the Second Superseding Indictment which charges a violation of Title 21, United States Code, Section 846 (Conspiracy to Possess with Intent to Distribute and to Distribute 5 kilograms or more of Cocaine and 1 kilogram or more of Heroin), which carries a minimum sentence of a term of imprisonment of 20 years, a maximum possible sentence of a term of imprisonment of life, a fine of $8,000,000, or both, a mandatory $100 special assessment and a term of

supervised release of at least 10 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant admits that on or about July 10, 1997, defendant was convicted of a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 in the United States District Court for the District of Puerto Rico. On or about June 3, 2004, the government filed an information pursuant to Title 21, United States Code, Section 851 alleging such prior drug felony conviction as the basis for the imposition of the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(A).

3.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release.

## II.  SENTENCING GUIDELINES

4.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## ELEMENTS OF THE CRIME

5.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: that an agreement existed between two or more persons to commit a controlled substance felony offense, that the defendant knew of the existence of the agreement, that the defendant intended to participate in the unlawful agreement, and that at least 5 kilograms of a mixture or substance containing cocaine or at least 1 kilogram of a mixture or substance containing heroin was reasonably foreseeable to the defendant as being within the scope of the agreement.

## FACTUAL BASIS

6.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.    From approximately August 2002 through approximately February 12, 2003, in the Western District of New York and elsewhere, defendant conspired with others to distribute cocaine, a Schedule II controlled substance, and heroin, a Schedule I controlled substance. Specifically, on numerous occasions during this period of time, defendant made arrangements to purchase and purchased kilogram quantities of cocaine and heroin from Valerio Ocana-Munoz, a/k/a "Lechon," and Luis Reinoso, a/k/a "Fernando," who were individuals involved in drug trafficking in New York, New York. Such cocaine and heroin was then delivered to defendant in this district, and defendant thereafter distributed it to others, or caused his co-conspirators to distribute it to others. For example, on November 16, 2002, defendant accepted delivery of approximately 5 kilograms of cocaine, and distributed approximately 500 grams of it to another individual. He intended to distribute the remaining cocaine. However, on November 17, 2002, agents of the Drug Enforcement Administration seized approximately 4.419 kilograms of cocaine and approximately $24,000 from a vehicle over which defendant had control.

On February 5, 2003, agents of the DEA recovered approximately $100,000 in cash from an automobile being operated by co-defendants Anuedi Gomez and Jose Masso- DeJesus. Approximately $84,000 of such cash represented partial payment by defendant to Valerio-Ocana-Munoz, a/k/a "Lechon" for a previous transaction in which defendant received approximately 5 kilograms of cocaine from "Lechon." Defendant had provided the cash to co-defendant Jose Borea, a/k/a "Choco," and instructed Choco to pay the drug debt to Lechon's couriers. Gomez and

-4-

Masso-DeJesus were couriers for "Lechon" and had traveled to this District from New York City to deliver cocaine and pick up money.

Further, during the period of the conspiracy, defendant delivered heroin to Melvin Flecha-Mendoza and Florencio Padin in Rochester, New York.

b.  In June 2000, while defendant was involved in the distribution of controlled substances in Puerto Rico, defendant participated in conduct which resulted in the death of Jack Fronte, a rival narcotics dealer in Puerto Rico. Specifically, defendant encountered Fronte and contacted co-defendant Jose Torres-Burgos on the telephone for the purpose of advising Torres-Burgos of Fronte's whereabouts.  Defendant was aware that Torres-Burgos was seeking to locate Fronte to kill him. Based upon the information defendant provided to Torres-Burgos, Torres-Burgos and others pursued Fronte, and fired shots from a firearm which struck Fronte and caused his death.

c.  The facts set forth in the preceding subparagraph (b) are based upon information provided by the defendant after the defendant indicated a desire to cooperate with the government and agreed to give statements regarding the defendant's involvement in criminal activity.  It is understood and agreed to by the parties that such information provided by the defendant cannot be used against the defendant in accordance with U.S.S.G. § 1B1.8, Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, except as provided for in ¶ 27 herein.

d.  The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

e.  More than 150 kilograms of cocaine and approximately 10 kilograms of heroin is the amount involved in the defendant's relevant conduct encompassed in Count 1 of the Second Superseding Indictment which could be readily proven by the government against the defendant.

## BASE OFFENSE LEVEL

7.    The government and the defendant agree that Guidelines §§ 2D1.1(a)(3) and 2D1.1(c)(1) apply to the offense of conviction and provides for a base offense level of 38.

8.    The government and the defendant agree that the 3 level upward adjustment of Guidelines § 3B1.1(b) (aggravating role in offense) applies, which would result in an adjusted offense level of 41.

## ACCEPTANCE OF RESPONSIBILITY

9.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the three (3) level downward adjustment of Guidelines §§ 3E1.1(a) and (b) (acceptance of responsibility), which would result in a total offense level of 38.

## CRIMINAL HISTORY CATEGORY

10.    It is the understanding of the government and the defendant that the defendant's criminal history category is III. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this

action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

### GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11.  It is the understanding of the government and the defendant that, with a total offense level of 38 and criminal history category of III, the defendant's sentencing range would be a term of imprisonment of 292 to 365 months, a fine of $25,000 to $8,000,000, and a period of supervised release of 10 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

12.  The government and the defendant agree to recommend that the defendant be sentenced within the Sentencing Guidelines range set forth above, or the sentencing range which the Court determines to be appropriate if the government makes a motion pursuant to Guidelines Section 5K1.1, and/or 18 U.S.C. § 3553(e), and the Court grants such motion.  A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.

-7-

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### III.  STATUTE OF LIMITATIONS

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the unlawful possession, manufacture or distribution of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### IV.  GOVERNMENT RIGHTS AND RESERVATIONS

15. The defendant understands that the government has reserved the right to:

a.  provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the

defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

c.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

16.    At sentencing, the government will move to dismiss the open counts of the Original, Superseding and Second Superseding Indictments in this action as against the defendant.

17.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## V.    APPEAL RIGHTS

18.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the

right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶ 11 above, notwithstanding the manner in which the Court determines the sentence.

19.  The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20.  The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶ 11 above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VI.   **COOPERATION**

21.   The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to the unlawful possession, manufacture or distribution of controlled substances.   The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

22.   The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement.   The defendant's obligation to testify truthfully and completely shall extend to proceedings in federal, state and local courts in jurisdictions which have agreed to abide by this agreement.

23.   In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the

Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to the unlawful possession, manufacture or distribution of controlled substances, committed up to the date of this agreement and about which the defendant provides complete and truthful information. Such a promise of non-prosecution does not foreclose any prosecution for an act involving murder, attempted murder, or act of physical violence against the person of another, or conspiracy to commit an act of violence, about which defendant has not provided complete and truthful information prior to the date of this agreement.

Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

24. Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward at least 10 levels from the

Guidelines as provided for in Guidelines § 5K1.1, and/or mandatory minimum term of imprisonment pursuant to Title 18, United States Code, Section 3553(e), which, if granted by the Court, would result in a total offense level of 28 and a sentencing range of 97 to 121 months imprisonment. The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

25. This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government. This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

26. It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes. It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely. Should the defendant be sentenced prior to the completion of the

-13-

defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.


27. In the event the government believes the defendant has violated any of the conditions in the "Cooperation" section of this agreement, then the government may, before or after sentencing, petition the Court to declare that the defendant has breached this agreement and for an order relieving the government of its obligations under this agreement.


Whether or not the defendant has violated any of the conditions of this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.


If this agreement is declared breached:

a.   the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

-14-

b.    the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

c.    the defendant has no right to withdraw the plea of guilty;

d.    the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e.    the defendant agrees that any charges that were dismissed pursuant to this agreement may be automatically reinstated at the request of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the unlawful possession, manufacture or distribution of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

28.    At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court. The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement. In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at

sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

29. The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

30. This plea agreement represents the total agreement between the defendant, CARLOS GARCIA-BENITEZ, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TERRANCE P. FLYNN
United States Attorney
Western District of New York

BY: _____
JOSEPH J. KARASZEWSKI
Assistant U. S. Attorney

Dated: October 16, 2006

-16-

I have read this agreement, which consists of 17 pages, including this page. I have had a full opportunity to discuss this agreement with my attorney, Paul Gordon Dell, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.


_____          _____
CARLOS GARCIA-BENITEZ                     PAUL GORDON DELL, ESQ.
Defendant                                 Attorney for the Defendant

Dated: October _16_, 2006                 Dated: October _16_, 2006

# IN THE DISTRICT COURT OF THE UNITED STATES
## for the Western District of New York

NOVEMBER 2002 GRAND JURY
(Impaneled 11/08/02)

**THE UNITED STATES OF AMERICA**

-vs-

**CARLOS GARCIA-BENITEZ**
    a/k/a **JOEL GONZALEZ**
    a/k/a **"Yani" [1]**,
**JOSE BOREA** a/k/a **"Choco" [2]**,
**JOEL NAVARRO [3]**,
**JOSE CASTRO [4]**,
**JOSE FRANCISCO SANTIAGO** a/k/a **"Woofer" [5]**,
**ISMAEL COLON [6]**,
**OSCAR ROMERO** a/k/a **"Oscarito" [7]**,
**EDWIN CRUZ [8]**,
**MANUEL GARCIA** a/k/a **"Don Bicho" [9]**,
**ARLENE BURGOS [10]**,
**ARAMIS RAMIREZ [11]**,
**JOSE LUIS SANTIAGO** a/k/a **"Tiso" [12]**,
**EZEQUIEL RODRIGUEZ** a/k/a **JOSE RODRIGUEZ**
    a/k/a **"Labesa"** a/k/a **"Cabesa" [13]**,
**ANEUDI GOMEZ [14]**,
**JOSE R. MASSO-DeJESUS [15]**,
**PEDRO DeJESUS [16]**,
**OMAR LAO [17]**,
**DANIEL RIVERA [18]**,
**LIZBELIA CRUZ** a/k/a **"Lizi" [19]**,
**JOSE A. TORRES-BURGOS [20]**,
**LAZARO BURGOS REYES** a/k/a **"Nito" [21]**,
**ANGEL M. CRUZ** a/k/a **"Brinky" [22]**,
**JUAN ELVIN CASILLAS** a/k/a **"Gordo" [23]**,
**RICARDO RODRIGUEZ** a/k/a **"Ricky"** a/k/a **"Congo" [24]**,
**RANDOLPH CHI [25]**,
**LUIS PENA** a/k/a **"Pee Wee" [26]**, and
**MIGUEL A. PENA, JR.** a/k/a **"Mickey" [27]**,

**Defendants.**

**SECOND
SUPERSEDING INDICTMENT**

**03-CR-33-A**

**Violations:**
Title 21, United States Code,
Sections 841(a)(1), 846,
853(a)(1) and 853(a)(2);
Title 18, United States Code,
Section 2.

5/6/04

*Denise Colli*

## COUNT 1

### The Grand Jury Charges that:

Between in or about August 2002, the exact date being unknown, and on or about February 13, 2003, in the Western District of New York, and elsewhere, the defendants, CARLOS GARCIA-BENITEZ a/k/a JOEL GONZALEZ a/k/a "Yani," JOSE BOREA a/k/a "Choco," JOEL NAVARRO, JOSE CASTRO, JOSE FRANCISCO SANTIAGO a/k/a "Woofer," ISMAEL COLON, OSCAR ROMERO a/k/a "Oscarito," EDWIN CRUZ, MANUEL GARCIA a/k/a "Don Bicho," ARLENE BURGOS, ARAMIS RAMIREZ, JOSE LUIS SANTIAGO a/k/a "Tiso," EZEQUIEL RODRIGUEZ a/k/a JOSE RODRIGUEZ a/k/a "Labesa" a/k/a "Cabesa," ANEUDI GOMEZ, JOSE R. MASSO-DeJESUS, PEDRO DeJESUS, OMAR LAO, DANIEL RIVERA, LIZBELIA CRUZ a/k/a "Lizi," JOSE A. TORRES-BURGOS, LAZARO BURGOS REYES a/k/a "Nito," ANGEL M. CRUZ a/k/a "Brinky," JUAN ELVIN CASILLAS a/k/a "Gordo," RICARDO RODRIGUEZ a/k/a "Ricky" a/k/a "Congo," RANDOLPH CHI, LUIS PENA a/k/a "Pee Wee" and MIGUEL A. PENA, JR. a/k/a "Mickey," did knowingly, willfully and unlawfully combine, conspire and agree together and with others, known and unknown, to commit offenses against the United States, that is, to possess with intent to distribute, and to distribute, 5 kilograms or more of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1)

and 841(b)(1)(A), and to possess with intent to distribute, and to distribute, 1 kilogram or more of a mixture and substance containing heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); all in violation of Title 21, United States Code, Section 846.

## COUNT 2

### The Grand Jury Further Charges that:

On or about November 16, 2002, in the Western District of New York, the defendants, CARLOS GARCIA-BENITEZ a/k/a JOEL GONZALEZ a/k/a "Yani," JOSE BOREA a/k/a "Choco" and OSCAR ROMERO a/k/a "Oscarito," did knowingly, intentionally and unlawfully possess with intent to distribute 500 grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT 3

### The Grand Jury Further Charges that:

On or about February 5, 2003, in the Western District of New York, the defendants, JOSE BOREA a/k/a "Choco," ANEUDI GOMEZ and

-3-

JOSE R. MASSO-DeJESUS, did knowingly, intentionally and unlawfully possess with intent to distribute and distribute 5 kilograms or more of a mixture and substance containing cocaine, a Schedule II controlled substance; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 4

### The Grand Jury Further Charges that:


On or about February 13, 2003, in the Western District of New York, the defendant, ISMAEL COLON, did knowingly, intentionally and unlawfully possess with intent to distribute a quantity of a mixture and substance containing cocaine, a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 5

### The Grand Jury Further Charges that:


On or about February 13, 2003, in the Western District of New York, the defendant, DANIEL RIVERA, did knowingly, intentionally and unlawfully possess with intent to distribute a quantity of a mixture and substance containing cocaine, a Schedule II controlled

-4-

substance; all in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 6 – FORFEITURE

### The Grand Jury further Charges That:

From his conviction of any of the aforementioned violations charged in Counts 1 or 5 of this Second Superseding Indictment, DANIEL RIVERA, shall forfeit to the United States of America any and all property constituting or derived from, any proceeds obtained, directly or indirectly, as a result of said controlled substance violations pursuant to Title 21, United States Code, Section 853(a)(1) and all property used or intended to be used, in any manner or part, to commit or facilitate the commission of said controlled substance violations pursuant to Title 21, United States Code, Section 853(a)(2), including, but not limited to the following:

1.    **Currency**

a.    The sum of $20,252 United States currency seized by the Drug Enforcement Administration on February 13, 2003.

b.    The sum of $2,450 United States currency seized by the Drug Enforcement Administration on February 13, 2003.


All pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2).


DATED:  Buffalo, New York, May 6, 2004.


MICHAEL A. BATTLE
United States Attorney


BY:  **S/JOSEPH J. KARASZEWSKI**
JOSEPH J. KARASZEWSKI
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York  14202
716/843-5837
Joseph.J.Karaszewski@usdoj.gov


A TRUE BILL:

# UNITED STATES DISTRICT COURT

| WESTERN | District of | NEW YORK |
|---|---|---|

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |

| CARLOS GARCIA-BENITEZ | Case Number: | 1:03CR00033-001 |
| a.k.a. Joel Gonzalez; a.k.a. "Yani" | USM Number: | 12943-069 |

Paul G. Dell
Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to count(s)    I of Second Superseding Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §841(a)(1), §841(b)(1)(A), and §851, all in violation of 21 U.S.C. §846 | Conspiracy to Possess With Intent to Distribute and to Distribute 5 Kilograms or More of Cocaine and 1 Kilogram or More of Heroin | 02/12/03 | I |

The defendant is sentenced as provided in pages 2 through _____6_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count II of Second Superseding Indictment is dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 23, 2007
Date of Imposition of Judgment

Signature of Judge

Richard J. Arcara, Chief U.S. District Judge
Name and Title of Judge

Aug. 29, 2007
Date

8/30/07
Denise Colli

Judgment — Page __2__ of __6__

DEFENDANT:    CARLOS GARCIA-BENITEZ a.k.a. Joel Gonzalez; a.k.a. "Yani"
CASE NUMBER:    1:03CR00033-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    63 months. The cost of incarceration fee is waived.

☐  The court makes the following recommendations to the Bureau of Prisons:

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m.  on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page ____3____ of ____6____

DEFENDANT:       CARLOS GARCIA-BENITEZ a.k.a. Joel Gonzalez; a.k.a. "Yani"
CASE NUMBER:     1:03CR00033-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    5 years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☒    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☒    The defendant shall cooperate in the collection of DNA as required by the Justice for All Act of 2004.  (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:      CARLOS GARCIA-BENITEZ a.k.a. Joel Gonzalez; a.k.a. "Yani"
CASE NUMBER:    1:03CR00033-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit to substance abuse testing, to include urinalysis and other testing. Details of such testing to be approved by the U.S. Probation Office. If substance abuse is indicated by testing, the defendant is to complete a drug/alcohol evaluation and enter into any treatment as deemed necessary by the U.S. Probation Office and/or the Court. The defendant is not to leave treatment until discharge is agreed to by the U.S. Probation Office and/or the Court. While in treatment and after discharge from treatment, the defendant is to abstain from the use of alcohol. The defendant is required to contribute to the cost of services rendered (co-payment in the amount to be determined by the U.S. Probation Office based on the ability to pay or availability of third party payment).

The defendant shall submit to a search of his person, property, vehicle, place of residence or any other property under his contro, based upon reasonable suspicion, and permit confiscation of any evidence or contraband discovered.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

#8223 DWB/jcs

Judgment — Page ___5___ of ___6___

DEFENDANT:              CARLOS GARCIA-BENITEZ a.k.a. Joel Gonzalez; a.k.a. "Yani"
CASE NUMBER:            1:03CR00033-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|          | **Assessment** | **Fine** | **Restitution** |
|----------|----------------|----------|-----------------|
| TOTALS   | $ 100          | $ 0      | $ 0             |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|------------------|-------------------------|----------------------------|
|                   |                  |                         |                            |

| TOTALS | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine  ☐ restitution.

    ☐ the interest requirement for the    ☐ fine  ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

#8223 DWE/jes

Judgment — Page ___6___ of ___6___

DEFENDANT:    CARLOS GARCIA-BENITEZ a.k.a. Joel Gonzalez; a.k.a. "Yani"
CASE NUMBER:    1:03CR00033-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    ☐    Lump sum payment of $ _____ due immediately, balance due

    ☐    not later than _____ , or
    ☐    in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B    ☒    Payment to begin immediately (may be combined with   ☐ C,    ☐ D, or   ☒ F below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☒    Special instructions regarding the payment of criminal monetary penalties:

    The defendant shall pay a special assessment of $100, which is due immediately. If incarcerated, payment shall begin under the
    Bureau of Prisons Inmate Financial Responsibility Program. Payments shall be made to the Clerk, U.S. District Court, Attention:
    Finance, Room 304, United States Courthouse, 68 Court Street, Buffalo, New York 14202.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.



# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

MICHAEL W. DOBBINS

**February 8, 2008**

312-435-5698

Mr. Rodney C. Early, Clerk
United States District Court
304 United States Courthouse
68 Court Street
Buffalo, NY 14202-3328



Dear Clerk:

### Re: 03 CR 00033-001 - USA v. Carlos Garcia-Benitez - Judge Richard J. Acara

Our Case Number:   08 CR 94 - Northern District of Illinois

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with  the enclosed copy of this letter to the United States District Court at the above address.  Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by:

Marsha E. Glenn
Deputy Clerk

Enclosure